IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY J. MATHIS,
    *Plaintiff*,

    v.                                    Civil Action No. ELH-13-02597

JOHN P. MCDONOUGH, *et al.*,
    *Defendants*.

**MEMORANDUM**

In September 2013, Jerry Mathis, plaintiff, filed suit against a host of defendants, pursuant to 42 U.S.C. § 1983. The allegations pertained to plaintiff's candidacy for the Prince George's County Council in the primary election held on September 14, 2010.

On August 7, 2014, this Court dismissed, with prejudice, the claims against defendants McDonough, Wherthey, and Gansler, and dismissed, without prejudice, the claims against defendants Muse and Berryman. The Court also granted plaintiff 21 days to amend his complaint against Muse and Berryman. *See* Mem. Op. (ECF 16); Order (ECF 17).

On August 27, 2014, plaintiff filed an "Amended Verified Civil Rights Complaint" (ECF 18, the "Amended Complaint"). Then, on September 9, 2014, Mathis filed a redlined document (ECF 19), docketed as a redlined version of ECF 18. In effect, ECF 19 is an untimely second amended complaint; it includes allegations that are not contained in plaintiff's Amended Complaint. In particular, ECF 19, ¶¶ 70-75, contain new allegations related to the alleged unconstitutionality of Maryland Election Law, Md. Code (2010 Repl. Vol., 2013 Supp.), § 13-401 of the Election Law Article ("E.L.").

Thereafter, on September 10, 2014, defendants filed a "Motion to Strike Plaintiff's Purported Redlined Amended Complaint" (ECF 20, the "Motion to Strike"). Defendants argued:

"The untimely inclusion of new allegations and new arguments, which the plaintiff has never before raised, is highly prejudicial to the defendants."  Further, defendants expressed concern that these new allegations have been submitted "through a purported redline of the plaintiff's Amended Complaint without alerting this Court or the defendants that the redlined document contains new allegations that would have to be addressed in a responsive pleading."  *See* Motion to Strike ¶ 6.

Plaintiff has not responded to the Motion to Strike.  Moreover, the time to do so has expired.  *See* Local Rule 105.2.a.

As noted, pursuant to this Court's Order of August 7, 2014 (ECF 17), I granted plaintiff leave to file an amended complaint within 21 days.  Rule 103.6.c of the Local Rules of the United States District Court for the District of Maryland provides:  "[T]he party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."  Plaintiff's Amended Complaint (ECF 18) did not include a copy of the Amended Complaint with the changes from the Original Complaint stricken or enclosed in brackets, as required by Local 103.6.c.

Through ECF 19, plaintiff modified the Amended Complaint to include entirely new allegations challenging the constitutionality of Maryland election law.  The filing of ECF 19 was beyond the time permitted by my Order of August 7, 2014.  Moreover, the filing contravened Fed. R. Civ. P. 15(a)(2).  This is because any further modifications require the court's leave or the opposing party's written consent.

To be sure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Moreover, the Fourth Circuit has stated that motions to strike pursuant

to Rule 12(f) of the Federal Rules of Civil Procedure are "generally viewed with disfavor . . . 'because striking a portion of a pleading is a drastic remedy and because it is often sought by movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright and Miller, *Federal Practice and Procedure* § 1380, 647 (2d ed. 1990)).  Nonetheless, when a proposed amendment is futile, or would be prejudicial to the opposing party, leave to amend may be denied.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Defendants assert that the new allegations in ECF 19, challenging E.L. § 13-401, are prejudicial, because they expand the scope of the suit.  And, they claim that the allegations are futile because they "fall outside of the statute of limitations."  *See* Motion to Strike ¶ 6.  I agree with defendants as to both contentions.

Plaintiff's case is brought pursuant to 42 U.S.C. § 1983.  The allegations do not relate back to the filing of the Original Complaint. *See* Fed. R. Civ. P. 15(c).  Because there is no federal statute of limitations for § 1983 claims, *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 735 (4th Cir. 1991), the applicable state limitations period applies.  *Id.*  Under Maryland law, the general limitations period is the three years.  *See* § 5-101 of the Courts and Judicial Proceedings Article of the Maryland Code (2013 Repl. Vol.).  Plaintiff has advanced his new claim more than three years after his alleged injuries.  Thus, his claim is barred under Maryland's three-year statute of limitations.  *See Wilkins v. Montgomery*, 751 F.3d 214, 223 (4th Cir. 2014) ("There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied[.]")  (Internal citation omitted).  Accordingly, the amendment would be futile.

- 4 -

For these reasons, I shall grant the Motion to Strike (ECF 20) the second of the two amended complaints. And, in the event plaintiff wishes to make further amendments to his Amended Complaint, he must do so in compliance with Fed. R. Civ. P. 15(a)(2).

An Order follows.

Date: October 2, 2014                                        /s/

Ellen Lipton Hollander
United States District Judge