IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY J. MATHIS | * | |
| | * | |
| v. | * | Civil No. – JFM-13-2597 |
| | * | |
| C. ANTHONY MUSE, ET AL. | * | |

******

## MEMORANDUM

Plaintiff, Jerry J. Mathis, brought this action against various defendants. The sole remaining defendant, C. Anthony Muse, has filed a motion for summary judgment after the completion of discovery. Plaintiff, who is appearing *pro se*, has filed an opposition to the motion. The motion will be granted.

No useful purpose would be served by restating the events that gave rise to this litigation. The remaining material fact is that the record establishes that Deputy Berryman was acting pursuant to her own line of command and not in response to any direction by Muse as a senator of the State of Maryland. Thus, nothing done by Muse was "under color of state law" as required by 42 U.S.C. §1983, under which this action is brought.

I note that to the extent that plaintiff's opposition is based upon a newspaper article, what is said in the article is hearsay evidence and would not be admissible at trial. Thus, it may not be considered on a motion for summary judgment. *Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991).

I also note that this case is entirely unlike *Rossignol v. Voorhaar*, 316 F.3d 516, (4th Cir. 2003), upon which plaintiff relies. In *Rossignol* the Fourth Circuit held that sheriff's deputies acted under the color of state law when they seized newspapers critical to their fitness in office.

1

There is no evidence in this case that Deputy Berryman seized the sample ballot because it was in some way critical of Muse.

A separate order granting Muse's motion is being entered herewith.

Date: 2/25/16

J. Frederick Motz
United States District Judge

SY _____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2016 FEB 25 PH 3: 51
U.S. DISTRICT
FILED

2